

KEVIN F. RUF (SBN 36901)
KARA M. WOLKE (SBN 241521)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

STEVE RUBIN (SBN 90867)
LAW OFFICES OF STEVE RUBIN
433 North Camden Drive, Suite 725
Beverly Hills, CA 90210
Telephone: (310) 385-0777
Facsimile: (310) 288-0207

*Attorneys for Plaintiff and the Proposed Plaintiff Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

|  |  |
|---|---|
| DE'ANDRA L. JENKINS, Individually, and on behalf of all others similarly situated, | CASE NO. CV 08-5394 AHS(MLGx) |
|  | **FIRST AMENDED CLASS ACTION COMPLAINT FOR:** |
| Plaintiffs, | 1. Unpaid Wages under California Law; |
| v. | 2. Failure to Provide Meal and Rest Periods [Lab. Code §§ 226.7 and 512]; |
| LUXOTTICA GROUP S.p.A., SUNGLASS HUT INTERNATIONAL, INC. and DOES 1-50, | 3. Failure to Furnish Accurate Wage and Hour Statements [Lab. Code §§ 226 *et seq*.]; |
|  | 4. Late Payment of Wages [Lab. Code §§ 204, 210 and 226 *et seq*.]; |
| Defendants. | 5. Waiting Time Penalties [Lab. Code §§ 201-203]; and |
|  | 6. Unfair Business Practices [Bus. & Prof. Code §§ 17200 *et seq*.]; |
|  | **JURY TRIAL DEMANDED** |

Plaintiff De'Andra L. Jenkins ("Plaintiff"), individually and on behalf of all others similarly situated, and demanding a trial by jury, complains individually and pleads upon information and belief as follows:

## I.

## SUMMARY OF CLAIMS

1.     This is a class action against Defendants Luxottica Group S.p.A. ("Luxottica Group") and Sunglass Hut International, Inc. ("Sunglass Hut") and Does 1-50 (collectively, "Defendants") on behalf of Plaintiff and all other similarly situated individuals who are or were employed at Sunglass Hut retail locations in California and were denied the benefits of applicable state wage and hour laws.

2.     Plaintiff seeks to represent a Class persons currently defined as follows: All non-exempt retail store employees who were employed by Sunglass Hut in the State of California during the period commencing four (4) years preceding the filing of this complaint and the present (the "Class Period").

4.     As a result of Defendants' company-wide policies, practices, procedures, customs, protocols, routines, or other factors common to the Class, Plaintiff and other Class members were compelled to, and did, work through scheduled and/or mandatory meal and rest periods, to perform various tasks, and Defendants failed to compensate Plaintiff and the other Class members for these hours worked as required by law.

5.     Plaintiff is informed and believes and thereon alleges that Defendants, through their company-wide policies and practices, failed to provide Class members with meal and rest periods, intentionally and knowingly failed to provide accurate wage statements, and willfully failed to pay all wages due in the final paychecks to Class Members who are no longer employed by Defendants.  Plaintiff is informed and believes and thereon alleges that these violations are continuing to this day.

6.     Plaintiff seeks to recover, among other things, unpaid compensation for

Defendants' failure to provide meal and rest periods to California-based employees, unpaid statutory amounts for Defendants' failure to provide accurate wage statements to employees, waiting time penalties, restitution of unlawfully withheld wages from employees, and injunctive relief directing Defendants to provide the required information on the wage statements to employees. In addition, plaintiff seeks recovery of unpaid wages, unpaid hours worked, liquidated damages, reasonable attorneys' fees, and costs of suit under State laws.

## II.

## JURISDICTION AND VENUE

7.      This is a civil action under §382 of the California Code of Civil Procedure. Plaintiff, individually and on behalf of all other members of the Class alleged herein, brings an action for monetary damages and injunctive relief for Defendants' violations of the California Labor Code, as enumerated herein, and Business and Professions Code §17200, *et. seq.*, including full restitution and attorneys' fees.

8.      Venue as to all Defendants is proper in this judicial district pursuant to California Code of Civil Procedure §395(a) and §395.5, as at least some of the acts complained of herein occurred in the County of Los Angeles. While the agent for service of process in the United States for Luxottica Group is situated in New York at CT Corporation, 111 Eighth Avenue, New York, New York 10011, Luxottica Group owns, operates, maintains offices, and/or transacts business within this District, or otherwise is found within this District. Further, the named Plaintiff conducted work for Defendants in the County of Los Angeles.

## III.

## PARTIES

9.      Plaintiff De'Andra L. Jenkins ("Jenkins") was and is an individual residing in Kern County, California. Jenkins was employed by Defendants as a Sunglass Hut

retail store assistant manager/manager from on or about July 2, 2007, to the present. At all relevant times, Jenkins was employed by Defendants in the County of Los Angeles.

10.     Plaintiff is informed and believes and thereon alleges that Luxottica Group is a corporation organized under the laws of the Republic of Italy with its principal executive offices situated in Milan, Italy, and doing business in California and throughout the United States primarily through a retail network of subsidiaries which includes Sunglass Hut and its subsidiaries.

11.     Defendant Sunglass Hut is a subsidiary of Defendant Luxottica Group, and operates approximately 1700 retail locations in California and throughout the United States which sell Luxottica Group-manufactured and third-party vendor-manufactured sunglasses and sunglass accessories at in-line stores and kiosks which are situated primarily in enclosed shopping malls and airports.

12.     Plaintiff is unaware of the true names of Defendants Does 1 through 50. Said Defendants are sued by said fictitious names, and the pleadings will be amended as necessary to obtain relief against Defendants Does 1 through 50 when the true names and capacities are ascertained or when such facts pertaining to liability are ascertained, or as permitted by law or by the Court. Plaintiff is informed and believes and thereon allege that at all times relevant to this action, the named defendants and Defendants Does 1 through 50 were affiliated and were an integrated enterprise.

13.     Plaintiff is informed and believes and thereon alleges that at all relevant times each Defendant, directly or indirectly, or through agents or other persons, employed Plaintiff and the other members of the Class, and exercised control over their wages, hours, and working conditions. Plaintiff is informed and believes and thereon alleges that Defendants were joint-employers of Plaintiff and the other members of the Class. At all times relevant to this action, Plaintiff and the other members of the Class have, directly or indirectly, performed services to each of the Defendants, and to the

1   mutual benefit of all Defendants.  Plaintiff is informed and believes and thereon alleges

2   that, at all relevant times, each defendant was the principal, partner, joint venturer,

3   successor in interest and/or predecessor in interest of some or all of the other

4   Defendants, and was engaged with some or all of the other Defendants in a joint

5   enterprise for profit, and bore such other relationships to some or all of the other

6   Defendants so as to be liable for their conduct with respect to the matters alleged below.

7   Plaintiff is informed and believes and thereon alleges that each defendant acted pursuant

8   to and within the scope of the relationships alleged above, that each defendant knew or

9   should have known about, and authorized, ratified, adopted, approved, controlled, aided

10  and abetted the conduct of all other Defendants.

## IV.

## PLAINTIFF'S SPECIFIC FACTS

14.    Plaintiff De'Andra L. Jenkins was employed by Defendants as a Sunglass
Hut retail store assistant manager/manager during the period beginning on or about July
2, 2007, through the present.

15.    During her employment tenure with Defendants, Plaintiff was
systematically deprived of rest and meal periods in derogation of the California Labor
Code, and constituting an unfair business practice under Business and Professions Code
§17200.

16.    During Plaintiff's employment tenure, Defendants failed or refused to
provide Plaintiff with mandatory ten (10) minute rest breaks and thirty (30) minute meal
breaks, (and failed or refused to pay Plaintiff for her missed rest and meal breaks), in
violation of California law as alleged below.

## V.

## CLASS ACTION ALLEGATIONS

---

FIRST AMENDED CLASS ACTION COMPLAINT

4

17.   This action is brought by Plaintiff De'Andra L. Jenkins ("Plaintiff"), individually and on behalf of all other similarly situated current and former employees of Defendants as a California statewide class action pursuant to Code of Civil Procedure § 382 for claims under California law to recover, among other things: unpaid compensation for Defendants' failure to provide meal and rest periods, unpaid wages, liquidated damages, unpaid statutory amounts for Defendants' failure to provide accurate wage statements to employees, injunctive relief directing Defendants to provide the required information on the wage statements to employees, waiting time penalties, restitution of unlawfully withheld wages from employees, reasonable attorneys' fees, and costs of suit.

18.   Plaintiff seeks to represent a Class of persons currently defined as follows:

All non-exempt retail store employees who were employed by Sunglass Hut in the State of California during the period commencing four (4) years preceding the filing of this complaint and the present (the "Class Period").

Plaintiff is a member and representative of the Class.  Plaintiff reserves the right under Rule 1855(b), California Rules of Court, and other applicable law, to amend or modify the Class definition with subclasses or with respect to issues, or in other ways.

19.   The persons in the Class are so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

20.   The claims of Plaintiff herein alleged are typical of those claims which could be alleged by any of the Class Members, and the relief sought is typical of the relief which would be sought by each of the Class Members in separate actions.

21.   Plaintiff will fairly and adequately represent and protect the interests of all Class Members and there are no known conflicts of interest between the Plaintiff and

Class Members.  Plaintiff has retained adequate counsel who is experienced and competent in both class action and employment litigation.

22.    The prosecution of separate actions by individual Class Members would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the classes, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.

23.    Common issues predominate the claims of the Class in that all claims arise out of Defendants' unlawful practices of: failing to compensate Class Members for all hours worked; requiring Class Members to perform work during scheduled and/or mandatory meal or rest periods; and further failing to compensate Class Members for such time worked during missed meal or rest periods in accordance with applicable state and federal laws.  Further, a class action is superior to numerous individual actions as a means of adjudicating those claims.

24.    The allegations in this pleading are made without any admission that, as to any particular allegation, Plaintiff bears the burden of pleading, proof or persuasion. Plaintiff reserves the right to plead in the alternative.

## VI.

### FIRST CAUSE OF ACTION

### UNPAID WAGES UNDER CALIFORNIA LAW

**(Brought against all Defendants for Violations of Labor Code §§203, 204, 226, 558, 1194, and/or 1198; and IWC Wage Orders 2 and 7 [revised])**

25.    Plaintiff, individually and on behalf of all employees similarly situated, hereby restates, realleges, and incorporates by reference herein, paragraphs 1 through 24 of this complaint, as though fully set forth herein.

26.    Pursuant to Labor Code sections 201, 203, 226, 1174, 1194, 1194.2, and/or

1197, it is unlawful for an employer to suffer or permit an employee to work without paying wages for all hours worked.

27.     Pursuant to Wage Orders 2 and/or 7, section 2(G), "hours worked" include the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not the employee was required to do so.

28.     At all times relevant herein, IWC Wage Order Nos. 2 and/or 7 (revised), governing the "Personal Services" and "Merchantile" industries, applied and continue to apply to Plaintiff's employment with Defendants.

29.     At all times relevant herein, Defendants maintained and enforced policies and practices of refusing to pay Class Members for all hours worked, including Defendants' practices of requiring Class Members to work through scheduled and/or mandatory meal and rest breaks, and without providing compensation for such time worked as required by California law.

30.     Under the provisions of the applicable sections of the California Labor Code and applicable Wage Orders, Plaintiff and each Class Member should have received wages in a sum according to proof for the hours worked, but not compensated, during the three (3) years prior to the filing of this lawsuit.  Defendants, therefore, owe Plaintiff and each Class Member wages earned, and have failed and/or refused, and continue to fail and/or refuse, to pay Plaintiffs and Class Members the amounts owed. Plaintiff, individually and on behalf of employees similarly situated, requests recovery of such unpaid wages, statutory damages, and waiting time penalties according to proof, interest, attorneys' fees, and costs pursuant to Labor Code section 1194, subdivision (a).

# VII.

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL AND REST PERIODS

### (Brought against all Defendants for Violations of
### Labor Code §§ 226.7 and 512, and Wage Orders 2 and 7)

31.     Plaintiff, individually and on behalf of employees similarly situated, hereby restates, realleges, and incorporates by reference herein, paragraphs 1 through 30 of this complaint, as though fully set forth herein.

32.     At all times relevant to this Cause of Action, Labor Code § 512  provides that "[a]n employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes . . . ."

33.     At all times relevant to this Cause of Action, Labor Code § 226.7 provides as follows:

(a)     No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b)     If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

34.     At all times relevant to this Cause of Action, Section 11 of the applicable Industrial Welfare Commission's Wage Orders provides as follows:

"(A)   No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . .

"(B)   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes . . .

"(D)   If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided. . . .

35.    At all times relevant to this Cause of Action, Section 12 of the applicable Industrial Welfare Commission's Wage Orders provides as follows:

"(A)   Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof.

"(B)   If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided."

36.    Plaintiff, as well as other Class Members, was not provided time to take a non-working thirty-minute meal break or two ten-minute rest breaks during work shifts. All standard work shifts for Class Members were greater than five hours, yet Class

1 | Members were often required to continue working during their meal breaks or work

2 | through the entire shift without any rest breaks.

3 |     37.    As a result of Defendant's failure to comply with the meal and rest break

4 | regulations set forth in Wage Orders 2 and/or 7, each Class member is entitled to be

5 | compensated for up to two hours of pay for each work shift longer than five hours

6 | during which they were not provided a full thirty-minute non-working meal break

7 | and/or a full ten-minute non-working rest break.

8 |     38.    In addition, Plaintiff and California Class members are entitled to interest,

9 | penalties, and attorneys' fees and costs pursuant to Cal. Lab. Code § 218.5.

**VIII.**

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

**(Brought against all Defendants for Violations of Labor Code § 226)**

15 |     39.    Plaintiff, individually and on behalf of employees similarly situated, hereby

16 | restates, realleges and incorporates by reference herein, paragraphs 1 through 38 of this

17 | complaint, as though fully set forth herein.

18 |     40.    Pursuant to Labor Code § 226(a) Plaintiff and the other members of

19 | the Class were entitled to receive, at the time wages were paid, a written itemized

20 | statement that accurately shows, among other things, "(1) gross wages earned, (2) total

21 | hours worked by the employee . . . and (9) all applicable hourly rates in effect during the

22 | pay period and the corresponding number of hours worked at each hourly rate by the

23 | employee."

24 |     41.    At all times relevant herein, IWC Wage Order Nos. 2 and 7, section 7

25 | (A)(3) and (4), requires every employer to maintain time records showing when the

26 | employee begins and ends each shift.  Defendant failed and/or refused to accurately

27 | record hours actually worked by Class Members by failing to properly record time

1    worked during scheduled and/or mandatory meal and rest periods.

2         42.    At all relevant times, Defendants failed to make, keep and preserve

3    accurate records required by California law with respect to Plaintiff and the other Class

4    Members, including the start and end times for each meal and/or rest period taken.

5    Further, Defendant Sunglass Hut falsified records of when Class Members did or did

6    not take full thirty (30) minute meal breaks and/or full ten (10) minute rest breaks. Thus,

7    Defendants failed to provide Plaintiff and the other members of the Class wage

8    statements in accordance with Labor Code §§ 226(a), 1174(d) and applicable Wage

9    Order Nos. 2 and 7.  Plaintiff is informed and believes and thereon alleges that at all

10   relevant times within the applicable limitations period Defendants maintained and

11   continue to maintain a policy or practice of not providing employees with wage

12   statements that comply with the requirements of the California Labor Code and Wage

13   Orders.

14

15        43.    Defendants' failure to provide Plaintiff and the other members of the Class

16   with accurate wage statements was knowing and intentional.

17        44.    As a result of Defendants' conduct, Plaintiff and the other Class members

18   have suffered injury in that, among other things, the lack of the required information

19   hindered them from determining the amounts of wages owed to them and led them to

20   believe that they were not entitled to be paid wages for missed meal and rest breaks,

21   although they were so entitled.  The absence of accurate information on their wage

22   statements has prevented timely challenges to Defendants' unlawful pay practices,

23   caused difficulty and expense in attempting to reconstruct time and pay records, and

24   resulted in the submission by Defendants of inaccurate information about wages and

25   deductions from wages to state and federal government agencies.  Plaintiff and the other

26   Class members' entitlement to social security benefits, as well as employer

27   contributions to social security benefits, FICA, and FUTA is based upon the total

28

FIRST AMENDED CLASS ACTION COMPLAINT

11

amount of wages earned and deductions from wages as reflected on their wage statements, and are thereby injured by the Defendants' failure to report the total amount of wages earned during each pay period on each paycheck stub.  In addition, pay for missed meal and rest periods were not accurately reported on the wage statements provided by Defendants even though the Internal Revenue Service has issued an opinion letter stating that employers should treat monies paid for missed meal or rest periods as wages for purposes of FICA and FUTA and other federal tax deductions and withholdings.  As a result of Defendants' conduct, Plaintiff and the other Class members have suffered injury in that their legal rights to receive accurate wage statements were violated.

45.     Pursuant to Labor Code § 226(e), Plaintiff and the other Class members are entitled to recover the greater of actual damages or liquidated damages in the amount of fifty dollars ($50) for the initial pay period in which a violation of Labor Code Section 226 occurred and one hundred dollars ($100) for each violation of Labor Code Section 226 in a subsequent pay period, not to exceed four thousand dollars ($4,000) per employee.

46.     Pursuant to Labor Code § 226(g), Plaintiff and the other Class members are entitled to bring an action for injunctive relief to ensure Defendants' compliance with Labor Code § 226(a).  Injunctive relief is warranted because Defendants continue to provide currently employed members of the Class with deficient wage statements in violation of Labor Code § 226(a).

48.     Plaintiff and the other Class members are entitled to recover the full amount due under Labor Code Section 226(e), reasonable attorney's fees and costs of suit.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## IX.

## FOURTH CAUSE OF ACTION

## FAILURE TO TIMELY PAY WAGES

### (Brought against all Defendants for Violations of Labor Code §§ 204, 210, 226)

49.     Plaintiff, individually and on behalf of employees similarly situated, hereby restates, realleges, and incorporates by reference herein, paragraphs 1 through 48 of this complaint, as though fully set forth herein.

50.     As a further and direct proximate result of Defendants' failure to provide Plaintiff and other members of the Class with mandatory meal and rest periods, and/or Defendants' failure compensate Plaintiff and other members of the Class for missed meal and rest periods (*i.e.*, Defendants' failure to pay wages), Plaintiff and Class members who were deprived of such compensation are entitled to penalties under California Labor Code §§204, 210 and 226 *et seq*.

## X.

## FIFTH CAUSE OF ACTION

## WAITING TIME PENALTIES

### (Brought against all Defendants for Violations of Labor Code §§201-203)

51.     Plaintiff herein realleges and incorporates each and every one of the allegations contained in Paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

52.     Cal. Lab. Code §§ 201 and 202 require Defendants to pay its employees all wages due within the time specified by law.  Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days.

FIRST AMENDED CLASS ACTION COMPLAINT

13

53.    Defendants' failure to provide Plaintiff and other members of the Class with mandatory meal and rest periods, and/or Defendants' failure compensate Plaintiff and other members of the Class for missed meal and rest periods (*i.e.*, Defendants' failure to pay wages), Class members who are no longer employed by Defendants and who were deprived of such compensation are entitled to recover thirty (30) additional days of pay pursuant to California Labor Code §§201, 202, and 203 *et seq.* by virtue of Defendants' failure to timely pay all wages due and owing upon resignation or termination.

## XI.

## SIXTH CAUSE OF ACTION

## UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICES

### (Brought against all Defendants for Violations of
### Business and Professions Code §§ 17200 *et seq.*)

54.    Plaintiff herein realleges and incorporates each and every one of the allegations contained in Paragraphs 1 through 53 of this Complaint, as if fully set forth herein.

55.    Defendants, and each of them, are "persons" as defined under Business and Professions Code section 17021.

56.    Each of the directors, officers and/or agents of Luxottica Group and Sunglass Hut is equally responsible for the acts of the others as set forth in Business and Professions Code Section 17095.

57.    Defendants maintain and operate retail stores in California which provide sales of Luxottica Group-manufactured and third-party vendor manufactured sunglasses and accessories and customer services, thus providing services to the public as defined in Business and Professions Code sections 17022 and 17024.

58.    Plaintiff is informed and believes that for the last four years, Defendants

have intentionally and improperly: (i) failed to provide mandatory meal and rest breaks;(ii) failed to pay wages due and owing to employees; (iii) failed to comply with Labor Code section 226(a) reporting requirements; and (iv) failed to provide related benefits, to Class Members in violation of Labor Code sections 1197, 1198, IWC Wage Orders 2 and/or 7, and the guidelines set forth by the Division of Labor Standards Enforcement and the Industrial Welfare Commission.

59.     Defendants' failure to provide meal and rest breaks, failure to pay all wages earned, and failure to maintain accurate records of hours worked, is either unfair and/or an offense punishable by both statutory fine and imprisonment for each violation. Defendants' acts constitute a continuing and ongoing unfair and unlawful activity prohibited by Business and Professions Code sections 17200 *et seq.*, and justify the issuance of an injunction, restitution and other equitable relief pursuant to Business and Professions Code section17203 both as to the company and its managing agents and officers.  Further, Defendants' failure to pay required wages to Class Members has resulted in Defendants under-reporting to federal and state authorities wages earned by Class Members and, therefore, under-paying state and federal taxes, employer matching funds, unemployment premiums, social security, Medicare and workers' compensation premiums, all this in an amount based on estimated unpaid wages according to the proof.

60.     Plaintiff, and each Class Member, has been injured in fact by the unlawful and/or unfair business practices of Defendants, by Defendants' failure to provide mandated meal and rest periods and/or the failure to pay wages when due and owing.

61.     The victims of these unfair, fraudulent and/or illegal business practices include, but are not limited to, the Class Members and employees of Defendants, and the general public.  Plaintiff is informed and believes and thereon alleges that Defendants performed the above-mentioned acts with the intent of gaining an unfair

FIRST AMENDED CLASS ACTION COMPLAINT

15

competitive advantage and thereby injuring Plaintiffs, Class Members, other competitors and the general public.

62.     The acts constitute continuing and ongoing unlawful activities prohibited by Business and Professions Code sections 17000 *et seq.* and 17200 *et seq.* and justify the issuance of an injunction. All remedies are cumulative pursuant to Business and Professions Code section 17205.

63.     Pursuant to Business and Professions Code section 17203, Plaintiff, on her own behalf and on behalf of all Class Members, requests restitution and/or disgorgement of all wages wrongfully retained by Defendants in violation of Business and Professions Code sections 17000 *et seq.* and 17200 *et seq.* Further, Plaintiff requests attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5 upon proof Plaintiff has acted in the public interest as set forth in the Private Attorney General Act.

## XII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment for herself and all others on whose behalf this suit is brought, against Defendants, jointly and severally, as follows:

## FOR THE FIRST, SECOND, THIRD, FOURTH, AND FIFTH, CAUSES OF ACTION

1.     For general damages, including interest, according to proof;

2.     For Plaintiff's and the class' costs incurred herein;

3.     For statutory damages as set forth in the applicable Labor Code sections;

4.     For all appropriate declaratory and equitable relief;

5.     For all such other relief as is just and necessary under the circumstances; and

6.     For attorneys' fees and costs under applicable statutes.

---

**FOR THE SIXTH CAUSE OF ACTION**

1.  For an Order permanently enjoining Defendants from engaging in the practices challenged herein;

2.  For an Order for full restitution of all monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unfair practices alleged. Plaintiffs and the putative class also seek pre-judgment interest and attorneys' fees as a result of the unfair business practices;

3.  For an Order finding and declaring that Defendants' acts and practices as challenged herein are unlawful, unfair and/or fraudulent;

4.  For an accounting, under administration of Plaintiffs and the putative class and subject to court review, to determine the amount to be returned by Defendants and the amounts to be refunded to members of the public who are or were affected by Defendants' illegal acts;

5.  For the creation of an administrative process wherein each current and former injured employee of Defendants' receives his or her losses; and

6.  For attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

Dated:      September 8, 2008                  Respectfully submitted,

                                               By: _____

                                               Kevin F. Ruf
                                               Kara M. Wolke
                                               GLANCY BINKOW & GOLDBERG LLP
                                               1801 Avenue of the Stars, Suite 311
                                               Los Angeles, CA 90067
                                               Telephone: (310) 201-9150
                                               Facsimile: (310) 201-9160

1
2   Steve Rubin
    THE RUBIN LAW CORPORATION
3   433 N. Camden Dr., Suite 725
    BeverlyHills, CA 90210
4   Telephone: (310) 385-0777
    Facsimile: (310) 288-0207
5
    *Attorneys for Plaintiff and the Proposed*
6   *Plaintiff Class*
7
8              **DEMAND FOR JURY TRIAL**
9       Plaintiff and the Plaintiff Class hereby demand a trial by jury on all issues so
    triable.
10
11  Dated:       September 8, 2008        Respectfully submitted,
12
13                                        By: _____
14                                        Kevin F. Ruf
                                          Kara M. Wolke
15                                        GLANCY BINKOW & GOLDBERG LLP
                                          1801 Avenue of the Stars, Suite 311
16                                        Los Angeles, CA 90067
                                          Telephone: (310) 201-9150
17                                        Facsimile: (310) 201-9160
18                                        Steve Rubin
                                          THE RUBIN LAW CORPORATION
19                                        433 N. Camden Dr., Suite 725
                                          BeverlyHills, CA 90210
20                                        Telephone: (310) 385-0777
                                          Facsimile: (310) 288-0207
21
                                          *Attorneys for Plaintiff and the Proposed*
22                                        *Plaintiff Classes*
23
24
25
26
27
28

FIRST AMENDED CLASS ACTION COMPLAINT

18

1        **PROOF OF SERVICE VIA MAIL**

2        I, the undersigned, say:

3        I am a citizen of the United States.  I am over the age of 18 and not a party to the within
action.  My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California
4        90067.

5        On September 8, 2008, I served the following documents described as:

6        FIRST AMENDED CLASS ACTION COMPLAINT

7        To be served by FIRST CLASS MAIL delivery on counsel for the parties in this action,
addressed as stated below:

8
         Andrew R Livingston
9        Orrick Herrington and Sutcliffe
         The Orrick Building
10       405 Howard Street
         San Francisco, CA 94105
11       415-773-5700
         Fax: 415-773-5759
12       Email: alivingston@orrick.com
         LEAD ATTORNEY
13       ATTORNEY TO BE NOTICED

14       Jonathan G Riddell
         Orrick Herrington and Sutcliffe
15       400 Capitol Mall Suite 3000
         Sacramento, CA 95814
16       916-447-9200
         Fax: 916-329-4900
17       Email: jriddell@orrick.com
         LEAD ATTORNEY
18       ATTORNEY TO BE NOTICED

19       Julie A Totten
         Orrick Herrington and Sutcliffe
20       400 Capitol Mall Suite 3000
         Sacramento, CA 95814
21       916-447-9200
         Fax: 916-329-4900
22       Email: jatotten@orrick.com
         LEAD ATTORNEY
23       ATTORNEY TO BE NOTICED

24

25

26

27

28

1  Lynne C Hermle
   Orrick Herrington and Sutcliffe
2  1000 Marsh Road
   Menlo Park, CA 94025
3  650-614-7400
   Fax: 650-614-7401
4  Email: lchermle@orrick.com
   LEAD ATTORNEY
5  ATTORNEY TO BE NOTICED

6

7      I declare under penalty of perjury under the laws of the United States of America that the
   foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of
8  this Court at whose direction the service was made.

9      Executed on September 8, 2008, at Los Angeles, California.

10

11                                      Daniel C. Rann

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28