1  LYNNE C. HERMLE (STATE BAR NO. 99779)
   lchermle@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   1000 Marsh Road
3  Menlo Park, CA 94025
   Telephone:     (650) 614-7400
4  Facsimile:     (650) 614-7401

5  JULIE A. TOTTEN (STATE BAR NO. 166470)
   jatotten@orrick.com
6  LAURI A. DAMRELL (STATE BAR NO. 241010)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
7  400 Capitol Mall, Suite 3000
   Sacramento, CA 95814
8  Telephone:     (916) 447-9200
   Facsimile:     (916) 329-4900

9
   MICHAEL D. WEIL (STATE BAR NO. 209056)
10 mweil@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
11 The Orrick Building
   405 Howard Street
12 San Francisco, CA 94105-2669
   Telephone:     (415) 773-5700
13 Facsimile:     (415) 773-5759

14 Attorneys for Defendant Sunglass Hut Trading, LLC
   (erroneously sued as Sunglass Hut International, Inc.)

   KEVIN F. RUF (STATE BAR NO. 36901)
   KARA M. WOLKE (STATE BAR NO. 241521)
   GLANCY BINKOW & GOLDBERG LLP
   1801 Avenue of the Stars, Suite 311
   Los Angeles, CA 90067
   Telephone: (310) 201-9150
   Facsimile: (310) 201-9160

   STEVE RUBIN (STATE BAR NO. 90867)
   LAW OFFICES OF STEVE RUBIN
   433 North Camden Drive, Suite 725
   Beverly Hills, CA 90210
   Telephone: (310) 385-0777
   Facsimile: (310) 288-0207

   Attorneys for Plaintiff De'Andra L. Jenkins

FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

AUG 2 4 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DE'ANDRA L. JENKINS, individually, and on behalf of all others similarly situated,

Plaintiffs,

v.

SUNGLASS HUT INTERNATIONAL, INC. and DOES 1-50,

Defendants.

Case No. CV08-5394 AHS (MLGx)

**PROTECTIVE ORDER RE USE OF CONFIDENTIAL INFORMATION**

1  Good cause appearing, the Court hereby approves and enters this Protective Order relating
2  to the use of private and confidential information, stipulated, consented to and agreed by Plaintiff
3  De'Andra L. Jenkins and Defendant Sunglass Hut Trading, LLC, erroneously sued as Sunglass
4  Hut International, Inc., (collectively "Stipulating Parties"), through their respective counsel of
5  record.
6  1.  This Protective Order ("Protective Order") governs the treatment of all documents,
7  depositions and deposition exhibits, interrogatory answers, responses to requests for admissions
8  and other written, recorded, computerized, electronic or graphic matter, copies, excerpts or
9  summaries of documents ("Discovery Material") produced by Plaintiff De'Andra Jenkins and
10  Defendant Sunglass Hut Trading LLC ("Sunglass Hut") and any non-party who agrees to the
11  terms of this Protective Order in the above-captioned matter ("Action") in accordance with the
12  procedures set forth below or that otherwise are relevant under the terms hereof. Discovery
13  Material designated as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** in accordance
14  with the appropriate procedures set forth herein shall be used ONLY for the prosecution and/or
15  defense of this Action and shall not be disclosed to any persons, except as set forth herein, without
16  the prior written consent of the designating party or owner of the **"CONFIDENTIAL"** or
17  **"HIGHLY CONFIDENTIAL"** information. Discovery Materials designated
18  **"CONFIDENTIAL"** shall be referred to herein as "Confidential Discovery Materials." Any such
19  designation may be made only when a party has a good faith basis for considering the Discovery
20  Material to constitute confidential Discovery Material. All Discovery Material so designated and
21  all the information contained therein shall be referred to in this Protective Order as "Confidential
22  Discovery Material" and shall be handled in strict accordance with the terms of this Protective
23  Order. Discovery Materials designated **"HIGHLY CONFIDENTIAL"** shall be referred to
24  herein as "Highly Confidential Discovery Materials." Such designation may only be made when
25  the designating party has a good faith basis for considering the Discovery Material to constitute
26  Highly Confidential Discovery Materials. All Discovery Material so designated and all
27  information derived therefrom shall be referred to in this Protective Order as "Highly
28  Confidential Discovery Material" and shall be handled in strict accordance with the terms of the

this Protective Order.

2. Reference herein to any category or type of Discovery Material designated as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** is not intended to and shall not be construed as an admission that such Discovery Material is relevant, not subject to an applicable privilege or protection, admissible, or reasonably calculated to lead to the discovery of admissible evidence. Discovery Material designated as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** shall be used ONLY for the prosecution and/or defense of this Action and shall not be disclosed to any person, except as permitted and provided for under this Stipulated Protective Order, without the prior written consent of the designating party or owner of the information.

3. Any party may designate as **"CONFIDENTIAL"** any Discovery Material that party considers in good faith to contain secret, proprietary, private, or confidential information that is produced by that party or received by that party during the course of this Action.

4. Any party may designate as **"HIGHLY CONFIDENTIAL"** any Confidential Discovery Material that is for "attorneys eyes only," *i.e.*, that Confidential Discovery Material which contains information of the most sensitive nature that must not only be protected from disclosure to non-parties, but also from disclosure to the parties themselves. Any such designation shall subject the Discovery Material, its contents, and any portion thereof, to this Protective Order without any further act on the part of the designating party.

5. Any party may designate information and/or documents disclosed during a deposition or in response to written discovery as **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** by so indicating:

  (a) in said discovery responses if the discovery responses are produced by the party wishing to designate information;

  (b) by stamping or affixing the appropriate legend **"CONFIDENTIAL,"** or **"HIGHLY CONFIDENTIAL"** on the face of the document and on each page or portion thereof so designated. Any such designation shall subject the document, its contents, and any portion thereof, to this Protective Order without any further act on the part of the designating party;

1              (c)     via written notification to the opposing party's counsel within thirty (30)
2     calendar days of receipt of discovery responses or documents from the opposing party so
3     designating the specific responses by number and/or documents by bates number or bates range;
4              (d)     on the record at the deposition and, if preferred, requesting the preparation
5     of a separate transcript of such material; or
6              (e)     via written notification to the opposing party's counsel within twenty-one
7     (21) calendar days after receipt of the final deposition transcript specifying the pages of the
8     transcript, exhibits and/or videotape to be so designated.  Until the above-referenced 21-day
9     period expires, the complete deposition transcript (including exhibits) and videotape of any
10    depositions, with the exception of the depositions transcripts of the named Plaintiff, shall be
11    treated as Highly Confidential Discovery Material unless otherwise specified in writing or on the
12    record of the deposition by the designating party.  The named Plaintiff's deposition transcripts
13    shall be treated as Confidential Discovery Material until the same 21-day period has expired
14    unless otherwise specified in writing or on the record of the deposition by the designating party.
15    All copies of deposition transcripts that contain information or material designated as
16    Confidential or Highly Confidential Discovery Material shall be prominently marked
17    "Confidential" or "Highly Confidential" on the cover thereof and on each page that contains
18    Confidential or Highly Confidential Discovery Material and, if submitted with the Court, the
19    portions of such transcripts so designated shall be submitted in accordance with the provision of
20    Paragraphs 11 and 12.
21         6.    To the extent this protective order is entered into by the parties and ordered by the
22    Court after the taking of any deposition, receipt of any deposition transcript, production or receipt
23    of information a party wishes to designate as "CONFIDENTIAL" or "HIGHLY
24    CONFIDENTIAL", any party has thirty (30) calendar days from entry of this Protective Order to
25    make the appropriate designations by providing written notice to the other party of the specific
26    material designated as "Confidential" or "Highly Confidential."
27         7.    Discovery Material designated as Confidential Discovery Material, or information
28    contained therein, may be disclosed or made available without written consent from the

designating party or owner of the **"CONFIDENTIAL"** information ONLY to the following persons:

    (a)    Counsel of record in this Action, including employees of such law firms, other outside counsel associated with Counsel of record in the representation of a party in this Action and in-house counsel and legal assistants employed by a party to this Action and providing services in connection with this Action, provided that all such persons shall be bound by the provisions of this Protective Order;

    (b)    All parties of record to the Action;

    (c)    Experts of the receiving party to whom disclosure is reasonably necessary for this litigation and provided that any such persons execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A prior to disclosure and a copy of such signed undertaking is retained by counsel for the party making disclosure so that it may be shown to counsel for the designating party upon a showing of good cause;

    (d)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary for this litigation and who have signed Appendix A;

    (e)    Stenographers or court reporters who record testimony taken at any time or place in the course of this Action or persons operating video recording equipment of and at such testimony;

    (f)    Any other person designated by the Court in this Action in the interest of justice, upon such terms as the Court may deem proper.

8.    Discovery Material designated as Highly Confidential Discovery Material or information contained therein, may be disclosed or made available without written consent from the designating party or owner of the **"HIGHLY CONFIDENTIAL"** material ONLY to the following persons: Counsel of record in this Action, including employees of such law firms; other outside counsel associated with Counsel of record in the representation of a Party in this Action and in-house counsel and legal assistants employed by a party to this Action and providing services in connection with this Action provided that all such persons shall be bound by the provisions of this Protective Order; and independent experts or consultants of the receiving party

to whom disclosure is reasonably necessary for this litigation and provided that any such persons execute an undertaking to be bound by this Protective Order in the form attached hereto as Appendix A prior to disclosure, and a copy of such signed undertaking is retained by counsel for the party making disclosure so that it may be shown to counsel for the designating party upon a showing of good cause. An expert shall be considered an independent expert or consultant only if he or she is not currently employed by or consulting with any competitor of the party producing the Highly Confidential Discovery Material.

9. Confidential or Highly Confidential Discovery Material may be disclosed only under the circumstances and to the persons specifically provided for in this or subsequent Court orders, or with the prior written consent of the designating party or owner of the Confidential or Highly Confidential Discovery Material with respect to specifically identified Confidential or Highly Confidential Discovery Material, or pursuant to a subpoena or court order in another action during the pendency of this Action provided that the party receiving such subpoena or court order gives prompt notice to the designating party or owner of the Confidential or Highly Confidential Discovery Material so that party or individual has an opportunity to seek relief from the subpoena or court order. Other than set forth in the proceeding sentence, Confidential or Highly Confidential Discovery Material shall not be used or employed for any other purpose whatsoever. Counsel for the parties or other individuals who execute Appendix A hereto in accordance with Paragraphs 7 and 8 of this Protective Order are restrained from using, disclosing or otherwise divulging Confidential or Highly Confidential Discovery Material, as well as the information derived from such material, in the prosecution or defense of any case or other proceeding other than this Action and only as permitted by the terms of this Protective Order. Confidential or Highly Confidential Discovery Material shall be used only for those purposes delineated above, and shall not be disclosed to any person or governmental agency or otherwise made public except in compliance with the terms of this Protective Order.

10. The inadvertent failure to designate Discovery Material as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** in no way alters or waives the protected and **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** nature of the Discovery Material otherwise deserving of a

**CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** designation and does not remove it from the scope of this Protective Order once it is properly designated by stamp or written notification as provided herein. Upon the discovery of an inadvertent production of Confidential or Highly Confidential Discovery Material without the appropriate designation, the producing party shall promptly provide a replacement copy of such Discovery Material with the appropriate **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** designation. The unmarked Discovery Material shall be immediately returned to the producing party upon receipt of the replacement copy. Treatment of inadvertently produced Confidential or Highly Confidential Discovery Material in a manner inconsistent with this Protective Order prior to notice of such inadvertent production shall not be considered a breach of this Protective Order.

11. Absent consent by the designating party or owner of the **"CONFIDENTIAL"** or **"HIGHLY CONFIDENTIAL"** information, in the event that counsel for any party determines to file with the Court any pleading, motions, brief or other papers which contain or make reference to Confidential or Highly Confidential Discovery Material, such papers shall not be filed in the public records, but shall be lodged with the Court under seal in sealed envelopes or other appropriate sealed containers bearing the title page of this case, until such time as any other affected party, non-party, designating party, or owner of the Confidential or Highly Confidential Discovery Material files a Motion to Seal the documents in accordance with Paragraph 12 below and Local Rule 79-5. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential or Highly Confidential Discovery Material is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. Under the case number of the title page affixed to the envelope or container being submitted, the submitting party shall type "Filed Under Seal Pursuant To Protective Order Dated _____." In addition, the word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> "This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties."

12. A party that files with the Court, or seeks to use at trial or any hearing in this

matter, materials designated as Confidential or Highly Confidential Discovery Material by anyone other than itself, and who does not seek to have the record containing such information sealed, shall comply with the following requirements:

(a) At least five (5) court days prior to offering Confidential or Highly Confidential Discovery Material into evidence at trial or at any hearing in open court, the submitting party shall give notice to all other parties of the submitting party's intention to file or use the Discovery Material, including specific identification of the Discovery Material (e.g., bates number). Any affected party, non-party, designating party, or owner of the Confidential or Highly Confidential Discovery Material may then apply for an order that the evidence be received in camera or under other less public circumstances to prevent unnecessary disclosure. This procedure does not apply to materials designated as Confidential or Highly Confidential used exclusively for impeachment purposes. If materials designated as Confidential or Highly Confidential are used exclusively for impeachment, the party seeking to use such materials shall seek to have the proceedings closed prior to introduction of such material and shall abide by paragraphs 11 and 12 if the material is thereafter filed with the court.

(b) At the time of filing a motion or brief with the Court involving Confidential or Highly Confidential Discovery Material, the submitting party will not file the documents in the public record, but shall lodge the materials with the Court under seal. Any affected party may then file a motion to seal, pursuant to Local Rule 79-5.1, within fifteen (15) court days after such lodging. Documents lodged under seal shall bear a legend stating that such materials shall be unsealed upon expiration of fifteen (15) court days, absent the filing of a motion to seal or Court order. All such materials shall be accepted by the Clerk of the Court for lodging and shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further Order of the Court pursuant to Local Rule 79-5.3 regarding the Disclosure of Confidential Court Records. Where possible, only **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** portions of the filings with the Court shall be lodged under seal. The failure by the designating party or owner of Confidential or Highly Confidential Discovery Material to lodge such material with the Court under seal in no way alters

1  or waives the protected and Confidential or Highly Confidential nature of the said material, which
2  remains subject to the restrictions and limitations set forth in this Protective Order.
3          13.     Nothing in this Protective Order shall be interpreted to constitute an agreement by
4  the parties as to what documents or information must be filed under seal in this litigation or shall
5  block public access to non-confidential information.  Rather, this Protective Order sets forth only
6  the procedure for *lodging* documents designated as "Confidential" or "Highly Confidential"
7  temporarily under seal with the Court so that any affected party, non-party, designating party, or
8  owner of the Confidential or Highly Confidential Discovery Material may file a proper Motion to
9  Permanently Seal the documents from the public record.  Any such Motion to Seal must comply
10 with federal rules and Local Rules for such sealing, and must set forth the statutory or other
11 authority for sealing (including good cause for the sealing), the requested duration, and all other
12 relevant information.  After the filing of the Motion to Seal, the Court will issue an Order as to
13 whether the documents or information at issue should be permanently sealed from the public
14 record or removed from lodging status and filed in the public record with the Court.  If a Motion
15 to Seal is not filed within the time limits set forth above in Paragraph 12 (a) and (b) after proper
16 notice that Confidential or Highly Confidential Discovery Material has been lodged under seal
17 with the Court, the documents shall be removed from the sealed envelope(s) or sealed
18 container(s) referenced in Paragraph 11 and shall be placed in the public record.  If a Party fails to
19 comply with the lodging requirement set forth in paragraph 11, above, and files Confidential or
20 Highly Confidential Discovery Material in the public record, whether through inadvertence or
21 otherwise, the submitting party shall take immediate steps to withdraw the Confidential or Highly
22 Confidential Discovery Material from the public record including, but not limited to, appearing ex
23 parte to arrange for the Confidential or Highly Confidential Discovery Material to be withdrawn.
24         14.     Nothing in this Protective Order shall be interpreted to prohibit or prevent the
25 party who owns the Confidential or Highly Confidential Discovery Material from using or
26 discussing it in any way it sees fit for any reason.  Any such use or discussion of Confidential or
27 Highly Confidential Discovery Material shall not be deemed a waiver of the terms of this
28 Protective Order, so long as such use or discussion occurs in a setting consistent with the

maintenance of the confidential and non-public nature of such material.

15. This Protective Order shall not enlarge or affect the proper scope of discovery in this or any other litigation, nor shall this Protective Order imply that Discovery Material designated as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** under the terms of this Protective Order is properly discoverable, relevant or admissible in this or any other litigation. Nothing in this Protective Order shall be interpreted to require disclosure of materials which a party contends are protected from disclosure by the attorney-client privilege or the attorney work-product doctrine.

16. The following procedure shall apply to any disputes arising from the designation of Discovery Materials pursuant to this Protective Order:

(a) If a party in good faith disagrees with a party's designation, that party shall inform counsel for the designating party in writing of said disagreement no later than sixty (60) days prior to the motion cut-off deadline designated by the Court in this matter.

(b) Upon written notification that a party disagrees with a designation, counsel for the objecting party and the designating party will meet and confer in a good faith effort to resolve the dispute without Court intervention.

(c) If the dispute is not resolved within fifteen (15) court days of the designating party's receipt of the objecting party's written notification, the objecting party may invoke the Court rules and procedures for raising discovery disputes.

(d) During the pendency of such judicial process all parties receiving Confidential or Highly Confidential Discovery Material shall abide by the designation.

With respect to any challenge of a Confidential or Highly Confidential designation that is brought to the Court's attention pursuant to the provision, the burden of proof to justify the confidential designation shall be with the party claiming that the document at issue contains confidential information.

17. Each document, material, or other thing, or portion thereof (and the information contained therein) designated as **CONFIDENTIAL** or **HIGHLY CONFIDENTIAL** shall retain that designation and shall remain subject to the terms of this Protective Order until such times as

the parties agree to the contrary or the Court renders a decision that a particular document, material, or other thing, or portion thereof (and the information contained therein) is not subject to this Protective Order, and any and all proceedings or interlocutory appeals challenging such decision have been concluded.

18. Except as otherwise agreed in writing by the parties, within forty-five (45) days after the entry of a final judgment (including resolution of appeals or petitions for review) or other final disposition, all Confidential or Highly Confidential Discovery Material and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall be returned to the individual or entity that owns the information, or alternatively the party's counsel shall certify to the producing party that all such materials have been destroyed. To the extent that Plaintiff produces documents or information to Sunglass Hut that Plaintiff obtained from Sunglass Hut, from any Sunglass Hut equipment or information source, and/or that belongs to Sunglass Hut that is subject to a Document Preservation Notice binding upon Sunglass Hut, Sunglass Hut will retain this information to fulfill its legal obligations in the other litigation matter(s) for which the Document Preservation Notice was issued.

19. To the extent there is any dispute about ownership of Confidential or Highly Confidential Discovery Materials, or information obtained therefrom, the parties and/or any non-parties shall first attempt to resolve the matter informally through a meet and confer process. If these efforts are unsuccessful, the parties and/or non-parties shall submit the dispute to the Discovery Magistrate in accordance with the Federal Rules of Civil Procedure and Local Rules of this Court.

20. Unless otherwise agreed in writing by the parties or ordered by this Court, this Protective Order shall remain in effect after the final resolution of this dispute by any means, and this Court shall retain jurisdiction to enforce this Protective Order.

21. This Protective Order shall become effective among all parties to this Action and all persons described herein upon entry of the Protective Order.

22. Any party may apply to this Court, upon written notice, in accordance with the Rules of this Court, for an Order amending, modifying or vacating this Protective Order. Nothing

in this Protective Order shall be construed as prejudicing any party's right to seek an agreement or Court order providing additional confidentiality or other protections to any Confidential or Highly Confidential Discovery Material produced in this Action. However, until such agreement or order is obtained, this Protective Order shall govern.

**IT IS SO ORDERED.**

Dated: 8/24/09

_____
MARC L. GOLDMAN
United States Magistrate Judge

## APPENDIX A: CONFIDENTIAL UNDERTAKING

I acknowledge that I have read and I am fully familiar with the Stipulated Protective Order in the matter of *De'Andra Jenkins, et al. v. Sunglass Hut International, Inc.*, Case No. CV08-5394 AHS MLG (U.S. District Court, Central District of California), and hereby agree to abide by its terms and conditions, to make disclosures of Confidential Discovery Material only in accordance with the above-referenced Stipulated Protective Order. I understand that all such Confidential Discovery Material and copies thereof, including but not limited to any notes or other transcriptions made therefrom, shall be returned to counsel for the owner of the Confidential Discovery Material no later than forty-five (45) days after the termination of this proceeding.

Dated:_____        _____
                                      Signature

                                      _____
                                      Name

                                      _____
                                      Address